OPINION OF THE COURT
Andrew J. Di Paola, J.
Plaintiff moves for an order vacating the lien of General Accident Fire and Life Assurance Corp. dated December 19, 1977 against any recovery by the plaintiff against defendant Paramount Moving and Storage, as well as attorney’s fees, which motion is decided as follows:
Plaintiff alleges that on November 3, 1975 he sustained an accident while he was a passenger in a van operated by defendant Zitti and owned by defendant Paramount. The accident occurred in Florida. Plaintiff then sought to recover medical expenses and lost earnings under the no-fault provisions of his parent’s insurance policy issued by General Accident as well as under the policy issued by defendant Paramount’s carrier, Allstate Insurance. Following arbitration on April 13,1977, plaintiff was awarded $13,700.41 to be paid only by General Accident.
On December 19, 1977 General Accident served a notice *355 of lien on plaintiff’s attorney in the amount of the arbitrator’s award to be paid from any recovery made by the plaintiff from defendant Paramount.
Plaintiff contends that any recovery he may obtain from defendant Paramount is not subject to a lien by General Accident, although said carrier does have a right of subrogation.
General Accident alleges, in opposition, that the no-fault benefits paid to plaintiff by General Accident were made pursuant to the “extended” PIP clauses of the policy issued to plaintiff’s parents (i.e., for an accident occurring outside of New York State); that the State of Florida does not provide PIP benefits for commercial vehicles (such as the van in which plaintiff was injured), and that, therefore, the arbitrator found plaintiff to be a “covered person” under the General Accident policy and defendants not “covered persons” under either the Allstate policy or the General Accident policy.
Continuing with their argument, defendants allege that because plaintiff was a “covered person” within the meaning of subdivision 10 of section 671 of the Insurance Law, and entitled to first-party benefits and defendants not “covered persons” within the meaning of subdivision 2 of section 673 of the Insurance Law, this action is thus brought by a “covered person” (the plaintiff herein) against “non-covered persons” and that, therefore, subdivision 2 of section 673 of the Insurance Law gives General Accident the statutory right to assert its lien against any recovery obtained in that action.
The pertinent provisions of subdivision 2 of section 673 of the Insurance Law on the date of the accident November 3, 1975 read as follows: “In any action by or on behalf of a covered person, against a non-covered person, where damages for personal injuries arising out of the use or operation of a motor vehicle in this state may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person.”
The carrier’s rendition of the statute in question was *356 taken from the 1977 amendment which deleted the words “in this state”. Subdivision 2 of section 673 was amended by section 11 of chapter 892 of the Laws of 1977. At the same time section 7 of chapter 892 amended subdivision 2 of section 671 of the Insurance Law to mandate payments of first-party benefits to New York insureds involved in out-of-State accidents, the coverage having previously (as in the case at bar) been optional with the insured. The legislative memoranda accompanying the change indicated that “the words fin this state’ are deleted in order to reflect the out of state coverage now required under the bill” (1977 McKinney’s Session Laws of NY, p 2449).
Although the defendants were “non-covered persons” within the meaning of section 673 of the Insurance Law, the fact that the accident occurred in the State of Florida and outside New York, as well as the court’s interpretation of subdivision 2 of section 673 of the Insurance Law as it read as of the time of the accident, necessarily precludes the assertion of a lien by General Accident against any judgment or recovery made by the plaintiff from the defendant Paramount Moving and Storage. Accordingly, the notice of lien is vacated.
Plaintiff’s application for reasonable attorney’s fees is denied. The court notes that the arbitrator awarded $2,750 as attorney’s fees on the no-fault arbitration.